IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTHERN ASSURANCE COMPANY OF AMERICA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, INDEMNITY INSURANCE COMPANY OF NA, GREAT AMERICAN INSURANCE COMPANY, AGCS MARINE INSURANCE COMPANY, ESSEX INSURANCE COMPANY, CATLIN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, And TRAVELERS INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | CASE NO.: _____ |
| vs. | ) ) | |
| C & G BOAT WORKS, INC. | ) ) | |
| *Defendant*. | ) | |

COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW Northern Assurance Company of America ("NAC"), lead underwriter and on behalf of National Union Fire Insurance Company of Pittsburgh, PA, Indemnity Insurance Company of NA, Great American Insurance Company, AGCS Marine Insurance Company, Essex Insurance Company, Catlin Insurance Company, Zurich American Insurance Company and Travelers Insurance Company (the "Underwriters"), subscribing each for itself and not for the other, severally and not jointly, and for their Complaint for Declaratory Judgment, hereby states as follows:

1

I.      *Parties, Jurisdiction and Venue*

1.      This case arises out of a claim for insurance benefits made by defendant C & G Boat Works under a policy issued by the Underwriters.

2.      NAC is a company organized and existing under the laws of the State of Massachusetts, with its principal place of business located in the State of Massachusetts. At all times pertinent to this action, it was qualified to conduct business in the State of Alabama.

3.      National Union Fire Insurance Company of Pittsburgh, PA is a company organized and existing under the laws of the State of Pennsylvania. At all times pertinent to this action, it was authorized to conduct business in State of Alabama.

4.      Indemnity Insurance Company of NA is a company organized and existing under the laws of the State of Pennsylvania. At all times pertinent to this action, it was authorized to conduct business in State of Alabama.

5.      Great American Insurance Company is a company organized and existing under the laws of the State of Ohio. At all times pertinent to this action, it was authorized to conduct business in State of Alabama.

6.      AGCS Marine Insurance Company is a company organized and existing under the laws of the State of Illinois. At all times pertinent to this action, it was authorized to conduct business in State of Alabama.

7.      Essex Insurance Company is a company organized and existing under the laws of the State of Delaware. At all times pertinent to this action, it was authorized to conduct business in State of Alabama.

8. Catlin Insurance Company, Inc. is a company organized and existing under the laws of the State of Texas. At all times pertinent to this action, it was authorized to conduct business in State of Alabama.

9. Zurich American Insurance Company is a company organized and existing under the laws of the State of New York. At all times pertinent to this action, it was authorized to conduct business in State of Alabama.

10. Travelers Insurance Company is a company organized and existing under the laws of the State of Connecticut. At all times pertinent to this action, it was authorized to conduct business in the State of Alabama.

11. C & G Boat Works is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located in the State of Alabama.

12. This is an action brought for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the *Federal Rules of Civil Procedure*.

13. Federal subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. §1332 because the Underwriters are diverse from the Defendant and the amount in controversy, as shown below, exceeds this Court's minimum jurisdictional limits of $75,000, exclusive of interest and costs, when an action is based upon diversity of citizenship. (*See* Exhibit 1 – 11/22/2010 Corr.).

14. There is a present justiciable controversy which requires this Honorable Court to declare the rights, remedies, obligations and liabilities of these parties with respect to a policy of insurance issued by the Underwriters.

15. The District and Division in which this action has been filed is proper since the contract of insurance, upon which the defendant's claims are based, was issued by the

Underwriters for delivery in Mobile County, Alabama and C & G Boat Work's principal place of business is located in Mobile County, Alabama.

## II.     *Facts of Claim*

16.     C & G Boat Works, Inc. contracted with Crescent Towing to construct Hull 117, a tug boat. As part of the contract, C & G Boat Works installed two GE 6L250 diesel engines ("the main engines") in Hull 117.

17.     On or about September 30, 2010, C & G Boat Works conducted sea trials of Hull 117. On sea trials, the port main engine experienced high bearing temperatures. The main engines were inspected following the high temperatures.

18.     During inspection, the main bearings were pulled and showed signs of damage due to metal and particulate contamination on both the port and starboard main engines.

19.     Further inspection in the presence of C & G customer Crescent Towing, GE and C & G Boat Works of the lower end bearings and crankshaft journals of the starboard engine revealed damage similar to the damage found in the lower end of the port engine. The lube oil system piping was bore scoped, "reveal[ing] significant amounts of various metal particles . . . present in random areas within the piping which appeared to . . . be attributable to torch cutting, arc welding and mechanical grinding that had previously been carried out on the piping sections as they were being assembled." (See Exhibit 2 - W.T. Ames & Associates Corr., December 3, 2010, p. 2 of 5).

20.     Busch and Associates, a metallurgical engineering consultant, was contacted by Crescent Towing to determine the cause, nature and extent of engine damage to Hull 117's engines. The findings were summarized as follows: "The main bearings were badly scored on

4

both the port and starboard engines. The scoring of the bearings was caused by aluminum oxide particles, steel shavings, weld spatter, and, to a lesser extent silicon oxide. These contaminants, in all probability, came from the oil lines provided by C & G Boat Works, Inc. as a result of improper cleaning of the oil lines after fabrication. . . . One main and one rod journal on the starboard engine were grooved and scored from the abrasive particles. In all probability, all were damaged, requiring removal of the crankshaft from the engine." (*See* Exhibit 3 - Busch and Associates, Inc. Corr., Nov. 9, 2010).

21. On December 7, 2010, NAC advised C & G Boat Works that the loss was excluded by the policy, citing the provisions referenced herein, *infra*. (*See* Exhibit 4 – 12/7/2010 NAC Corr.).

22. Following the disclaimer, C & G submitted a memorandum to NAC, requesting reconsideration of the claim, primarily based on the fact that its employee responsible for construction and installation of the lubrication oil piping system deviated from construction protocol and improperly welded certain joints in the piping system. (*See* Exhibit 5 – 1/7/2011 C & G Memorandum to Underwriters).

23. C&G subsequently submitted written statements from four persons which support the Underwriters' position that the procedures used were faulty and which statements are consistent with Exhibit 5. (See Exhibit 6 – Statements of Kenneth Sprouse, Travis Hunt, Earl LaFave and Daryl Boutwell).

24. Because of the improper welds[1], the lubrication system was not completely cleaned. As a result, metal particles were introduced into the engines through the lubrication system constructed by C & G Boat Works, resulting in severe damage.

---

[1] Welding involves fusing two materials together by applying an electrical current of electricity to the materials. Stick welding and tungsten inert gas (TIG) welding are two basic methods of welding. In stick welding, materials are

25.   The Underwriters have mutually agreed to submit this coverage dispute to the Court. The parties stipulate that there is a present, justiciable controversy.

III.   <u>The Insurance Policy</u>[2]

The Underwriters issued policy number[3] MNB 1944-2010 to C & G Boat Works, which provided, in pertinent part:

**PART I – HULL SECTION**

**This policy insures against all risks of physical loss of or damage to the Vessel occurring during the currency of this Policy, except as hereinafter provided.**

**. . .**

**Addendum No. 2**

**1.   It is hereby understood and agreed that lines 61 and 62 of the "PART I – HULL SECTION, HULL RISKS" are deleted and the following substituted therefore:**

**Subject to the provisions of exclusion (b) of the following paragraph, in the event that faulty design of any part of parts should cause physical loss of or damage to the Vessel this insurance shall not cover the cost or expense of repairing, replacing or renewing such part of parts, nor any expenditure incurred by reason of a betterment or alteration in the design. Faulty design shall include, but not be limited to, error, omissions or deficiencies in plans, drawings, specifications or calculations.**

**Further, Underwriters shall not pay for any loss, damage or expense caused or arising in consequence of:**

---

welded when a filler metal is melted between them. TIG welding effectively welds materials with or without the use of filler metals. The employee made a "root pass weld" (first weld) using a stick welder rather than a tungsten inert gas (TIG) weld. The TIG weld would have resulted in far less "slag" or "spatter". The "spatter", caused by the stick weld, could not be sufficiently cleaned in the process of cleaning the piping system through which lubrication oil travels. The metal particles resulting in the damage to the engines were from this stick weld due to the particles passing through the lubrication system into the engine as the oil flowed through the system.

[2] The Underwriters reserve their right to assert any other applicable conditions, terms, coverages or exclusions contained in the policy, regardless of whether cited herein. By specifically reciting the provisions above, the Underwriters do not waive any other coverage defenses, whether in fact, law or contract. The policy is adopted and incorporated by reference as if set forth fully herein.

[3]Exhibit 7.

      a)    **Faulty workmanship, or the installation or use of improper or defective materials . . .**

      b)    **Faulty production or assembly procedures even if constituting faulty design.**

. . .

(Exhibit 7, pp. 5,10).

### IV.   COUNT ONE – DECLARATORY JUDGMENT

26.    The Underwriters adopt and incorporate by reference the foregoing as if set forth fully herein.

27.    By stating the grounds for relief requested herein, the Underwriters reserve the right to assert any other term, condition or exclusion contained in the policy, which is adopted and incorporated by reference as if set forth fully herein.

28.    C & G Boat Works has made a claim for insurance benefits as a result of the above-described damage/incidents.

29.    An actual controversy exists as to whether the policy provides coverage such that a declaration by this Honorable Court of the parties' respective rights and obligations under the contract of insurance is necessary. Specifically, a controversy exists with respect to the damage to Hull 117's engines are excluded by Addendum 2, as set forth herein.

30.    A real, *bona fide* controversy exists between the parties with regard to the duties and obligations under the policy as to the existence of coverage for the claims submitted by C & G Boat Works.

WHEREFORE, the Underwriters pray:

a.    This Honorable Court take jurisdiction of this cause;

b. This Honorable Court order, adjudge and decree that there is a *bona fide* controversy between the parties as to their legal rights, duties, status and liability;

c. That upon final hearing of this cause, this Honorable Court will declare that no coverage is provided under the applicable policy of insurance; and

d. The Underwriters requests such other, further or additional relief to which they may be entitled, whether or not specifically requested herein.

Respectfully submitted on this the 2nd day of June, 2011.

          /s/   *LaBella S. Alvis*
          John W Johnson, II
          LaBella S. Alvis
          Attorneys for the Underwriters

**OF COUNSEL**:
CHRISTIAN & SMALL, LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
(205) 795-6588


DEFENDANT'S ADDRESS
TO BE SERVED BY CERTIFIED MAIL

C & G Boat Works, Inc.
P. O. Box 1725
Mobile, AL  36633